NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

―――――――――

No. 18-1292

―――――――――

GLORIA ANDERSON,

Appellant

v.

THE MERCER COUNTY SHERIFF DEPARTMENT; JOHN A. KEMLER,
Individually and under color of state law as Sheriff of the mercer County Sheriff
Department; RICHARD PIOTROWSKI, Individually and under color of state law as,
Chief sheriff Officer for the Mercer County Sheriff Department; SCOTT
SCHOELLKOPF, Individually and under color of state law as Lieutenant for the Mercer
County Sheriff Department; DARRYL TAYLOR, Individually and under color of state
law as Sergeant for the Mercer County Sheriff Department; DONALD PATUKULA,
Individually and under color of state law as Sergeant for the Mercer County Sheriff
Department; CHARLES WERTS, Individually and under color of state law as Sergeant
for the Mercer County Sheriff Department; CAROL NOLAN, Individually and under
color of state law as Sergeant for the Mercer County Sheriff Department; SETH
BARTON, Individually and under color of state law as Sergeant for the Mercer County
Sheriff Department; THE COUNTY OF MERCER; STATE OF NEW JERSEY;
ANDREW A. MAIR, Individually and under color of state law as Mercer County
Administrator for the Mercer County; JOHN AND JANE DOES 1-99, (fictitious names);
XYZ CORPORATIONS 1-10, County or governmental entities and their supervisors and
employees; PBA LOCAL187

―――――――――

Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-11-cv-07620)
District Judge: Honorable Peter G. Sheridan

―――――――――

Submitted Under Third Circuit LAR 34.1(a)
March 11, 2019

Before: McKEE, PORTER, and ROTH, <u>Circuit Judges.</u>

(Opinion filed: May 27, 2020)

OPINION[*]

McKEE, <u>Circuit Judge</u>

This is an appeal from the grant of summary judgment in an employment discrimination lawsuit. The plaintiff, Gloria Anderson, alleged discrimination and retaliation claims against the Mercer County Sheriff Department. We will affirm.

**I.**

Summary judgment should be awarded when the moving party demonstrates that there is no genuine issue of material fact and the record evidence demonstrates the moving party's entitlement to judgment as a matter of law.[1] A factual issue is genuine if a reasonable jury could return a verdict for the non-movant and is material if it would affect the outcome of the lawsuit.[2]

Two of the plaintiff's claims are based on race and gender discrimination under Title VII. Both of those claims are analyzed under the *McDonnell Douglas*[3] burden-shifting framework. Under that test, the plaintiff must first show that (1) she is a member

---

[*] This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not constitute binding precedent.

[1] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).
[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[3] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

of a protected class; (2) she is qualified for the position in question; (3) she suffered from an adverse employment action; and (4) the employer sought to or did fill the position with a similarly qualified person who was not a member of the protected class.[4] A plaintiff must provide evidence to satisfy each of these prongs in order to establish a prima facie case.

The District Court granted summary judgment in favor of the defendants because it found that Anderson had not provided sufficient evidence to demonstrate that she suffered an adverse employment action.[5] An "adverse employment action" under Title VII is "an action by an employer that is 'serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment.'"[6] Such an action must constitute "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits."[7]

On appeal, Anderson contends that the District Court "failed to recognize the plethora of material facts"[8] supporting her claim. She seems to argue that she suffered an adverse employment action when she was transferred to the Criminal Court Security Unit.[9] She argues that this lateral transfer constituted an adverse action because the

---

[4] *See id.* at 802.
[5] **JA 11–12**.
[6] *Storey v. Burns Int'l Sec. Servs.*, 390 F.3d 760, 764 (3d Cir. 2004) (quoting *Cardenas v. Massey*, 269 F.3d 251, 263 (3d Cir. 2001)).
[7] *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998).
[8] Br. for Appellant, 14.
[9] *Id.* at 17.

3

criminal courthouse was apparently contaminated with asbestos and she provided a doctor's note stating that such a transfer would be detrimental to her health.

We agree with the District Court that, under the circumstances here, Anderson has not alleged that the transfer constitutes an adverse employment action because it did not cause a significant change in her employment status. Approximately fifteen other officers were transferred at this same time, and Anderson does not allege that her responsibilities at the criminal courthouse were significantly different from the functions of other sheriffs.

Concerning her claim about asbestos, the record shows that Anderson was transferred in 2010, but her deposition testimony about potentially asbestos-related symptoms centers on events that occurred around April 2012.[10] Thus, the transfer occurred well before any issues arose about asbestos. We therefore agree with the District Court's conclusion that there is no factual dispute about whether or not she suffered an adverse employment action.[11]

## II.

---

[10] *See* JA 206–08. Anderson's lawyer indicated that she would "check into" medical records before 2012, but nothing additional appears in the record. Anderson's complaint and appellate brief contain several other allegations of misconduct. It is difficult to parse the relevance of many of these claims, in part because the complaint was initially filed *pro se*. But the counseled brief does little to clarify how the conflicts detailed therein ultimately relate to Anderson's claims of discrimination and retaliation.

[11] Anderson also claims that she was deprived of the opportunity to earn overtime pay, and that preference for overtime positions were given to White officers. We agree with the District Court's finding that she has not provided sufficient evidence to substantiate this claim.

Anderson also raised a retaliation claim under Title VII. To establish a prima facie case of Title VII retaliation, a plaintiff must produce evidence that "(1) she engaged in activity protected by Title VII; (2) the employer took an adverse employment action against her; and (3) there was a causal connection between her participation in the protected activity and the adverse employment action."[12] Anderson claims that the defendant retaliated against her after she filed a complaint alleging discrimination. But, as the District Court found, this claim also fails because there is no evidence that Anderson ever suffered from an adverse employment action. She was never disciplined, nor was her rank or salary reduced.[13] Her role at the Criminal Courthouse fell under the normal job description of a sheriff. In short, there was no adverse employment action and we will therefore affirm the judgment of the District Court.[14]

---

[12] *Moore v. City of Phila.*, 461 F.3d 331, 340–41 (3d Cir. 2006) (quoting *Nelson v. Upsala Coll.*, 51 F.3d 383, 386 (3d Cir. 1995)).

[13] *See Broderick v. Donaldson*, 437 F.3d 1226, 1233–34 (D.C. Cir. 2006).

[14] We also agree that the state law claims under New Jersey's Conscientious Employee Protection Act are untimely.